ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Byron Z. Moldo, SBN 109652
Moldo Davidson Fraioli Seror & Sestanovich LLP
2029 Century Park East, 21st Floor
Los Angeles, CA 90067
Email: bmoldo@mdfslaw.com
TELEPHONE NO.: 310-551-3100 FAX NO.: 310-551-0238
ATTORNEY FOR (Name): James H. Donell, Receiver

FOR COURT USE ONLY

FILED
CLERK U.S. DISTRICT COURT
FEB 12 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

NAME OF COURT: United States District Court, Central District of California
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: SECURITIES AND EXCHANGE COMMISSION

DEFENDANT: J.T. WALLENBROCK & ASSOCIATES, LARRY TOSHIO OSAKI, VAN Y. ICHINOTSUBO, AND CITADEL CAPITAL MANAGEMENT GROUP, INC.

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**

[X] **ENFORCEMENT OF JUDGMENT** [ ] **ATTACHMENT (Third Person)**

[ ] **Judgment Debtor** [X] **Third Person**

CASE NUMBER: CV 02-808 ER

## ORDER TO APPEAR FOR EXAMINATION

1. TO *(name)*: MARY E. OSAKI
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [ ] furnish information to aid in enforcement of a money judgment against you.
   b. [X] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [X] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: 3-24-08 Time: 2:00pm Courtroom Number: 550 "Roybal"
Address of court [ ] shown above [X] is: 255 E. Temple St LA 90012

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person *(name)*:

Date: 2/12/08

[signature]
JUDGE OR MAGISTRATE JUDGE

**This order must be served not less than 10 days before the date set for the examination.**
**IMPORTANT NOTICES ON REVERSE**

## APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [ ] Judgment creditor [X] Assignee of record [ ] Plaintiff who has a right to attach order applies for an order requiring *(name)*: Mary E. Osaki to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   [ ] the judgment debtor.
   [X] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or *(attachment only)* the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 8, 2008

Byron Z. Moldo
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF DECLARANT)

CV-4P (12/03)
(AT-138, EJ-125 [Rev. July 1, 2000])

APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION (Attachment—Enforcement of Judgment)

Code of Civil Procedure, §§ 491.110, 708.110, 708.120
Page one
CCD-CV4P

**APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)**

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)**

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows ***(Describe the property or debt using typewritten capital letters)***:

ALL PROPERTY OR ASSETS OR INTEREST IN PROPERTY OR ASSETS OF LARRY OSAKI IN SATISFACTION OF A JUDGMENT IN THIS CASE IN THE AMOUNT OF OVER $136 MILLION DATED DECEMBER 10, 2003.

1. COMMUNITY PROPERTY OF LARRY AND MARY OSAKI; AND

2. ASSETS OF LARRY OSAKI IN CONTROL OF MARY OSAKI DUE TO LARRY OSAKI'S INCARCERATION.

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

**APPEARANCE OF A THIRD PERSON (ATTACHMENT)**

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

**APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION**

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

16940.2

BYRON Z. MOLDO, SBN 109652
SHANNON O.C. NELSON, SBN 251735
MOLDO DAVIDSON FRAIOLI
SEROR & SESTANOVICH LLP
2029 CENTURY PARK EAST, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90067
Tel: 310\ 551-3100 • Fax: 310\ 551-0238
Email: bmoldo@mdfslaw.com
Email: snelson@mdfslaw.com

Attorneys for Plaintiff
James H. Donell, Receiver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

J.T. WALLENBROCK & ASSOCIATES, LARRY TOSHIO OSAKI, VAN Y. ICHINOTSUBO, and CITADEL CAPITAL MANAGEMENT GROUP, INC.,

Defendants.

CASE NO.: CV 02-808-ER (SHx)

DECLARATION OF BYRON Z. MOLDO IN SUPPORT OF APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION UNDER CAL. CODE CIV. PROCEDURE §708.120

[Rule 69 Fed. Civ. P.: Cal. Code Civ. Proc. §708.120]

[No Hearing Required]
Judge: Honorable Edward Rafeedie

**DECLARATION OF BYRON Z. MOLDO**

I, BYRON Z. MOLDO, declare and state as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am an attorney with the law firm of Moldo Davidson Fraioli Seror & Sestanovich LLP, attorneys of record for Plaintiff, James H. Donell, Receiver (the "Receiver") herein. I make this declaration in support of the Receiver's Application for Order to Appear for Examination under Cal. Code Civ Proc. §708.120, directed at Mary E. Osaki. I have personal knowledge of the facts set forth

herein, and if called upon to testify, I could and would competently testify thereto.

2. On December 10, 2003, this Court entered its "Order Granting SEC Motion for Disgorgement, Prejudgment Interest, Civil Penalties and Final Judgment (the "Judgment"). See **Exhibit A.**

3. At page 8, paragraphs 32 and 34, the Court granted judgment against Larry T. Osaki in the sum of $139,418,278, plus prejudgment interest of $24,270,233, and imposed civil penalties in the amount of $100,000.

4. On March 22, 2005, Larry Osaki entered into a Plea Agreement in *United States of America v. Larry Toshio Osaki et al.*, Case No. CR 03-1089-SVW and was subsequently incarcerated under such Plea Agreement.

5. On December 7, 2006, this Court entered its "Order Authorizing Release of Funds to Receiver, and Modifying Final Judgment Against Defendants" (the "Order Releasing Funds"). See **Exhibit B.** The Order Releasing Funds, in part, authorized the Receiver to institute and prosecute all actions and take steps that were reasonable and appropriate to enforce and collect upon the Judgment.

6. I am informed and believe that Mary E. Osaki has or has had possession and/or control of assets and property in which the judgment debtor, Larry T. Osaki ("L. Osaki") has an interest, in that Mary E. Osaki was the wife of L. Osaki, and remains his wife during the time of his incarceration.

7. I am informed and believe that Mary E. Osaki and L. Osaki have community property assets in which Mary E. Osaki now has possession and complete control of since L. Osaki has been incarcerated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct .

Executed on February 8, 2008, at Los Angeles, California.

BYRON Z. MOLDO

# EXHIBIT A

EXHIBIT A

FILED
CLERK, U.S. DISTRICT COURT
DEC 10 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

J.T. WALLENBROCK & ASSOCIATES, LARRY TOSHIO OSAKI, VAN Y. ICHINOTSUBO, AND CITADEL CAPITAL MANAGEMENT GROUP, INC.,

Defendants.

Case No. CV 02-808 ER

ORDER GRANTING SEC MOTION FOR DISGORGEMENT, PREJUDGMENT INTEREST, CIVIL PENALTIES AND FINAL JUDGMENT

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

The Court has read and considered all papers filed in connection with the SEC's Motion for an Order Imposing Disgorgement, Prejudgment Interest, Civil Penalties and Final Judgment Against Defendants. On November 25, 2003, the Court conducted a hearing. For the reasons stated in open court, and based on the record, the Court has reached the following CONCLUSIONS:

[1] On February 28, 2003, the Court entered an Order of Permanent Injunction Against Defendants. The Current Motion is made by the SEC pursuant to the Permanent Injunction and Consent, which provided that the amount of disgorgement plus prejudgment interest and civil penalties would be determined by the Court upon subsequent motion by either party.

ENTERED
CLERK, U.S. DISTRICT COURT
DEC 11 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

323

[2] From at least 1997 through January, 2002, Defendants Larry T. Osaki and Van Y. Ichinotsubo operated a Ponzi scheme through Defendants J.T. Wallenbrock, Inc. ("Wallenbrock") and Citadel Capital Management Group, Inc. ("Citadel"). Defendant Larry T. Osaki and Van Y. Ichinotsubo operated a Ponzi scheme through Defendants J.T. Wallenbrock and Citadel Capital Management Group, Inc.. Defendant Osaki was the managing general partner of Wallenbrock, the controlling owner of Defendant Citadel, and the operator of the entire scheme. Defendant Ichinotsubo was an employee of Defendants Wallenbrock and Citadel, and solicited investors for Wallenbrock.

[3] Defendants raised money from investors through the fraudulent sale of unregistered three-month Wallenbrock promissory notes that promised a 20% return for investors upon maturity of each three month period. Defendants made fraudulent representations to potential investors that they were purchasing accounts receivable of Malaysian latex glove manufacturers with the proceeds of investors' notes. Defendants Osaki and Ichinotsubo knew, or were reckless in not knowing, that their representations regarding the accounts receivable were false.

[4] Through the scheme, Defendants violated federal securities law antifraud provisions, including Sections 10(b) and15(c)(1) of the Securities Exchange Act of 1934 (and related Rules 10b-5 and 15c1-2), and Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Exchange Act of 1933. Pursuant to the February 28, 2003 Permanent Injunction and Consent, Defendants are precluded from arguing, in response to the current Motion, that they did not violate the federal securities laws as set out in the SEC's Complaint.

[5] The Court has broad equity powers to order the disgorgement of 'ill-gotten gains' obtained through the violation of the securities laws." SEC v. First Pacific Bankcorp, 142 F.3d 1186, 1190 (9th Cir. 1998), *cert. denied*, 525 U.S. 1121 (1999)(citations omitted). The "purpose of disgorgement is to deprive a person of ill-gotten gains and prevent unjust enrichment." Hateley v.SEC, 8 F.3d 653, 655

(9th Cir. 1993)(citations omitted).

[6] The amount of disgorgement need only be a reasonable approximation of profits linked to the fraudulent scheme. See SEC v. First Pacific Bankcorp, 142 F.3d 1186, 1192 n.6 (9th Cir. 1998), *cert. denied*, 525 U.S. 1121 (1999)(citations omitted). Furthermore, "'[t]he risk of uncertainty' in computing disgorgement 'should fall on the wrongdoer whose illegal conduct created that uncertainty.'" SEC v. Interlink Data Network, 1993 WL 603274 (C.D. Cal. 1993)(quoting SEC v. First City Financial Corp., 890 F.2d 1215, 1231 (D.C.Cir.1989))(citations omitted).

[7] The Court finds that the figures determined by the Samuel R. Biggs, CPA (the Receiver's Accountant) and the Affidavit of Luz M. Aguilar, SEC Senior Accountant are a reasonable and accurate approximation of the profits of the fraudulent scheme, and related prejudgment interest calculations. The SEC notes that the Affidavit of Ms. Aguilar may be relied on for calculations fo prejudgment interest only, while Mr. Biggs's affidavit may be relied on for other calculations.

[8] "Where two or more individuals or entities collaborate or have a close relationship in engaging in violations of the securities laws, they have been held jointly and severally liable for the disgorgement of illegally obtained proceeds" SEC v. First Pacific Bankcorp, 142 F.3d 1186, 1190 (9th Cir. 1998), *cert. denied*, 525 U.S. 1121 (1999) Based on the record before the Court, Defendants Osaki, Wallenbrock, and Citadel evince such a "close relationship" and jointly profited from the fraudulent scheme. All investor funds flowed through Mr. Osaki, who deposited funds in his bank account, and controlled the distribution of such funds to Defendants Wallenbrock and Citadel.

[9] Defendants argue that Citadel is a mere nominal Defendant, who should not be subject to joint and several liability. Defendants fail to provide support for this contention. Defendant Citadel was a named Defendant in this litigation, and by the February 28, 2003 Permanent Injunction and Consent, Defendant Citadel is precluded from arguing that it did not violate the federal securities laws as set out

in the SEC's Complaint.

[10] As demonstrated by the accounting, Defendants Osaki, Wallenbrock, and Citadel received at least $253,173,962 from investors and spent a total of $250,135,353. $113,755,684 of the money was repaid to investors, and are therefore, deducted from the SEC's disgorgement request. The records also indicate that $136,379,670 was spent by Defendants Osaki, Wallenbrock, and Citadel for their own benefit.

[11] The SEC requests that $136,379,670 in ill-gotten gains obtained from the scheme be disgorged from the Defendants Osaki, Wallenbrock, and Citadel.

[12] Defendants contend that the "reasonable approximation" should be determined by the amount of a defendant's enrichment, rather than the losses suffered by the victims. Defendants cite SEC v. First Pacific Bankcorp, 142 F.3d 1186, 1190 (9th Cir. 1998) & Hately v. SEC, 8 F.3d 653 to support the contention that the Court must order disgorgement only of the personal benefit actually retained, not the amount of ill-gotten gains generated.

[13] Defendants' description of the above decisions is inaccurate. The Hately case stands for the proposition that amounts defendants held joint and severally liable improperly exceeded the total amount of unjust enrichment, and was more than ten times the amount of the defendants' actual ill-gotten gains.

[14] Courts are not restricted to disgorging the total amount of personal benefit actually retained, as Defendants contend. The D.C. Circuit Court concluded, "To hold, as [the defendant] maintains, that a court may order a defendant to disgorge only the actual assets unjustly received would lead to absurd results. Under [that] approach, for example, a defendant who was careful to spend all the proceeds of his fraudulent scheme, while husbanding his other assets, would be immune from an order of disgorgement. [This] would be a monstrous doctrine for it would perpetuate rather than correct an inequity." SEC v. Banner Fund Int'l, 211 F.3d 602, 617 (D.C. Cir. 200)(emphasis added).

[15] In addition, the SEC seeks the award of prejudgment interest on the disgorgement amount. The Court has broad discretion in deciding whether to grant such prejudgment interest and what rate should be used to calculate the amount of interest. See SEC v. First Jersey Securities, 101 F.3d 1450, 1476 (2d Cir. 1996)(citations omitted). Courts have used the Internal Revenue Service rates for underpayment of taxes, pursuant to 26 U.S.C. §6621(a)(2), in calculating prejudgment interest. See SEC v. Rosenfeld, 2001 WL 118612, *3 (S.D.N.Y. Jan. 9, 2001).

[16] Defendants argue that Prejudgment Interest, if awarded, should be calculated under 28 U.S.C. § 1961. Defendants offered no calculations, nor did Defendants explain in court why this rate was appropriate in this case. Defendants point to In Re Nucorp Energy, Inc., in which the Court calculated the Prejudgment Interest according to 28 U.S.C. §1961. In Nucorp Energy, the Court did note, "Title 28 U.S.C. § 1961 (1982 & Supp. IV 1986) is to be used for the calculation of prejudgment interest 'unless the equities of a particular case demand a different rate.' In Re Nucorp Energy, Inc, 902 F.2d 729, 734 (9th Cir. 1990)(citing In re Bloom, 875 F.2d 224, 228 (9th Cir.1989) (quoting Columbia Brick Works, Inc. v. Royal Ins. Co., 768 F.2d 1066, 1071 (9th Cir.1985))).

[17] The Court finds that the equities of this case warrant use of the Internal Revenue Service rates for underpayment of taxes, pursuant to 26 U.S.C. §6621(a)(2). This "rate reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from its fraud." SEC v. First Jersey Securities, 101 F.3d 1476. In addition, as the SEC noted, a small post-interest judgment rate of approximately 1%, suggested by Defendants, would not fairly compensate victims of the scheme who were promised a 20% rate of return.

[18] Pursuant to the calculations based on the disgorgement amount and the rate under 26 U.S.C. §6621(a)(2), the SEC has demonstrated to the Court that

Defendants Osaki Wallenbrock and Citadel should be required to pay $24,270,233 in prejudgment interest.

[19] The SEC argues that the following ill-gotten gains obtained from the scheme should be disgorged from the Defendant Ichinotsubo, as he recruited investors and significantly assisted the other Defendants in the fraudulent scheme, with at least a reckless disregard re: the representations he made re: the existence of the accounts receivable.

[20] The SEC requests that $409,798 in ill-gotten gains obtained from the scheme should be disgorged from the Defendant Ichinotsubo. The $409,798 includes $232,704 in payroll payments, $36,503 in unpaid loans from Citadel (made to Defendant Ichinotsubo personally and to Defendant Ichinotsubo's company, Choice Investments), a $50,000 unpaid loan to Choice Investments for options trading, a $60,591 credit card payment made by Osaki with investor funds on Ichinotsubo's behalf, and a $30,000 direct payment of investor funds from Osaki's Bank Account.

[21] Pursuant to calculations based on the disgorgement amount and the rate under 26 U.S.C. §6621(a)(2), the SEC contends that Defendant Ichinotsubo should also be required to pay $85,435 in prejudgment interest.

[22] Defendants argue that Defendant Ichinotsubo has invested $1.2 million and received only $409,000 from Wallenbrock. Defendants argue that this loss constitutes disgorgement, and urges that no further money should be disgorged.

[23] Such an argument has been rejected by the Ninth Circuit. In SEC v. First Pacific Bankcorp, the Court noted, "Nor does the fact that [defendant's] scheme ultimately failed and he lost a $1,000,000 of his own funds release him from his obligations toward the defrauded investors. As Judge Friendly once stated in a securities manipulation case, there is 'no reason why, in determining how much should be disgorged in a case where defendants have manipulated securities so as to mulct the public, the court must give them credit for the fact that they had

not succeeded in unloading all their purchases at the time when the scheme collapsed.'" SEC v. First Pacific Bankcorp, 142 F.3d 1186, 1192 n.6 (9th Cir. 1998)(quoting SEC v. Commonwealth Chem. Sec. Inc., 574 F.2d 90, 102 (2d Cir.1978)). Therefore, Defendants' argument regarding Defendant Ichinotsubo's disgorgement must be rejected.

[24] The Court finds that the amount of disgorgement, joint and several, from Defendants Osaki, Wallenbrock, and Citadel, should be reduced to the extent of Defendant Ichinotsubo's payments to prevent duplication of recovery.

[25] The SEC further argues for the imposition of Third-tier civil penalties against Defendants Osaki and Ichinotsubo, pursuant to 15 U.S.C.§ 78t(d) and 15 U.S.C. § 78u(d)(3).

[26] 15 U.S.C.§ 78t(d)(2)(c) and 15 U.S.C. § 78u(d)(3)(B)(iii) provide third-tier civil penalties when securities law violations "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement [and] such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial loss to other persons."

[27] In the instant case, Defendants' securities violations involved fraud and deceit, were numerous and ongoing. In addition, Defendants' actions were extreme departures from the securities laws and created a significant loss to investors who purchased the Wallenbrock securities based on Defendants' fraudulent behavior. See SEC v. Rosenfeld, 2001 WL 118612, *4 (S.D.N.Y.) Therefore, the imposition of Third-tier penalties appears to be appropriate.

[28] The maximum third-tier penalties provided by 15 U.S.C.§ 78t(d)(2)(c) and 15 U.S.C §78u(d)(3)(B)(iii) are $100,000 for a natural person. The Court finds that the imposition of the maximum penalties is appropriate considering Defendant Osaki's and Ichinotsubo's behavior.

[29] The SEC further requests that the civil penalties be paid to the Court Registry and added to the investor distribution fund, for the benefit of investors

harmed by the fraudulent scheme, pursuant to Section 308 of the Sarbanes-Oxley Act of 2002. The Court finds the investor fund to be an appropriate recipient of the penalties.

[30] The Court finds that for the aforementioned reasons, the reasons stated in open court, and based on the record, that the SEC has demonstrated by a preponderance of the evidence the appropriate amounts of Disgorgement, Prejudgement Interest, and Civil Penalties. See SEC v. Truong, 98 F.Supp.2d 1086, 1096 (N.D. Cal 2000)(citing SEC v. Moran, 922 F. Supp. 867, 890 (S.D.N.Y. 1996)).

[31] The Court HEREBY GRANTS the SEC's Motion for an Order Imposing Disgorgement, Prejudgment Interest, Civil Penalties and Final Judgment Against Defendants.

[32] The Court ORDERS the imposition of disgorgement against Defendants Osaki, Wallenbrock and Citadel, joint and severally of $139,418,278 plus prejudgment interest of $24,270,233.

[33] The Court FURTHER ORDERS disgorgement against Defendant Ichinotsubo of $409,798 plus prejudgment interest of $85,435.

[34] The Court FURTHER ORDERS the imposition of third-tier civil penalties of $100,000 each upon Defendants Osaki and Ichinotsubo, to be paid to the Court Registry and added to the investor distribution fund

[35] The Court FURTHER ORDERS that the amount of disgorgement, joint and several, from Defendants Osaki, Wallenbrock, and Citadel will be reduced to the extent of Defendant Ichinotsubo's payments.

[36] The Court ORDERS that Defendants make the above payments within 30 days of the filing of this order.

//

//

//

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: DEC 10 2003

Edward Rafeedie

EDWARD RAFEEDIE
Senior United States District Judge

SCANNED

# EXHIBIT B

EXHIBIT B

LODGED
CLERK, U.S. DISTRICT COURT
NOV - 9 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
DEC - 7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SECURITIES & EXCHANGE COMMISSION

Plaintiff,

vs.

J.T. WALLENBROCK & ASSOCIATES, LARRY TOSHIO OSAKI, VAN Y. ICHINOTSUBO and CITADEL CAPITAL MANAGEMENT GROUP, INC.

Defendants.

Case No. CV 02-00808 ER (SHx)

~~[Proposed]~~ **ORDER AUTHORIZING RELEASE OF FUNDS TO RECEIVER, AND MODIFYING FINAL JUDGMENT AGAINST DEFENDANTS**

Honorable Judge Edward Rafeedie

The Court has read and considered all papers filed in connection with Plaintiff Securities and Exchange Commission's Motion for Order Authorizing Release of Frozen Funds to Receiver and Modifying Final Judgment against Defendants. On December 10, 2003, this Court entered a Final Judgment in which it ordered Defendant Van Y. Ichinotsubo to pay disgorgement of $409,798, plus prejudgment interest of $85,483, and a $100,000 civil money penalty, and ordered Defendant Larry Toshio Osaki to pay $139,418,278 plus prejudgment interest of $24,270,233, and a $100,000 penalty ("Final Judgment"). The intent was to have the payments added to an investor distribution fund established by the Receiver in this matter, James Donell. Certain assets of Defendant Ichinotsubo have been frozen pursuant to Orders Freezing Assets entered on January 28, 2002 and March 12, 2002 ("Asset Freeze Orders"). Defendants have not made any payments pursuant to the Final Judgment. Accordingly, **THE COURT HEREBY ORDERS, AS FOLLOWS:**

DOCKETED ON CM
DEC - 8 2006
BY 021

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

491

1. The following funds which have previously been frozen under the Asset Freeze Orders shall be submitted by check made payable to James H. Donell, the court-appointed Receiver for J.T. Wallenbrock & Associates and Citadel Management Group, Inc., and submitted to the Receiver's office, 12121 Wilshire Blvd., Suite 200, Los Angeles, California, 90025:

    a.) all of the funds in Morgan Stanley account numbers 209-085696, 209-066487, 209-066488, and 209-021811.

    b.) all of the funds in Wells Fargo account numbers 0711-200642, and 6711-304675.

    c.) all of the funds in Ameritrade (Advanced) account number 160532543.

    d.) all funds in the Delaware Investments account number 008-5089640067.

    e.) all funds in the East West Bank accounts 00-3320090 and 11938024.

    f.) all funds in the Pioneer Investments (Safeco Funds) account number 147468.

    g.) all funds in the Selected Funds account number 00420159643-2.

    h.) all funds in the Vanguard Group account number 9851375710.

    i.) all of the funds in Wells Fargo account numbers 0711-200642, and 6711-304675.

2. The Final Judgment entered against Defendant Ichinotsubo shall be deemed satisfied to the extent of the amount of funds submitted to Mr. Donell, the Receiver. The payments shall first be applied to disgorgement and prejudgment interest, and then to the civil penalty. To the extent that the amounts transferred

fall short of the amounts ordered in the Final Judgment, Defendant Ichinotsubo remains liable to pay those amounts.

3. The Final Judgment is hereby modified in that Defendant Ichinotsubo's and Defendant Osaki's payments of disgorgement, prejudgment interest and civil penalties ordered in the Final Judgment shall be submitted and made payable to Receiver James H. Donell and sent to his address of 12121 Wilshire Blvd., Suite 200, Los Angeles, California, 90025, with a cover letter identifying the defendant making the payment; setting forth the title and civil action number of the this action and the name of this Court; and specifying that payment is being made pursuant to the Final Judgment.

4. The Final Judgment is hereby further modified in that James Donell, the Receiver in this case, is hereby authorized to institute and prosecute all actions and take such other steps that are reasonable and appropriate to enforce and collect upon the Final Judgment in this matter.

**IT IS SO ORDERED.**

DATED: DEC 7 2006

HONORABLE EDWARD RAFEEDIE
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action. I am employed by the law firm of Moldo Davidson Fraioli Seror & Sestanovich LLP, located at 2029 Century Park East, 21st Floor, Los Angeles, California 90067, Telephone: (310) 551-3100, Facsimile: (310) 551-0238.

On **February 8, 2008**, I served the document(s) described as: **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION/ENFORCEMENT OF JUDGMENT/JUDGMENT DEBTOR**, on the interested parties in said action by enclosing the document(s) in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I caused such envelope(s) with postage thereon, fully prepaid, to be placed in the United States mail.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FEDERAL EXPRESS/EXPRESS MAIL:** I caused said document(s) to be sent via Federal Express / Express Mail for next business day delivery.

☐ **BY FACSIMILE:** I caused said document(s) to be sent via facsimile.

☐ **BY PERSONAL SERVICE:** I caused said document(s) to be delivered to the addressees listed on the attached Service List.

☐ **[State]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **[Federal]** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **February 8, 2008**, at Los Angeles, California.

TRISH MELENDEZ

**SEC v. J. T. WALLENBROCK & ASSOCIATES**
**U. S. District Court/Central District Of California**
**Case No. CV 02-00808 ER (SHx)**

**SERVICE LIST**

| | |
|---|---|
| James H. Donell, Receiver<br>12121 Wilshire Blvd.<br>Suite 200<br>Los Angeles, CA 90025 | Permanent Receiver |
| Jane E. Jarcho, Esq.<br>James A. Davidson, Esq.<br>Peter B. Driscoll, Esq.<br>Securities & Exchange Commission<br>175 W. Jackson, 9th Floor<br>Chicago, IL 60604<br>Fax: 312/353-7398<br>Tel: 312/353-7390 | Attorneys for Plaintiff |
| Gregory C. Glynn, Esq.<br>Securities & Exchange Commission<br>5670 Wilshire Blvd.<br>Suite 1100<br>Los Angeles, CA 90036<br>Fax: 323/965-3812<br>Tel: 323/965-3890 | Local Counsel for Plaintiff |
| Van Ichinotsubo<br>13516 Darvalle Street<br>Cerritos, CA 90703 | Defendant, in pro per |
| Larry Osaki<br>#26689-112<br>Federal Correctional Institution<br>P. O. Box 3007<br>Terminal Island, CA 90731 | Defendant, in pro per |
| Sam Biggs, CPA<br>Biggs & Co.<br>2800 Twenty-Eighth Street<br>Suite 300<br>Santa Monica, CA 90405-2034<br>Tel: 310/450-0875<br>Fax: 310/450-9157 | Accountants for Receiver |